IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:12-CV-41-FL

| | |
|---|---|
| CHARLES L. POLLARD, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM &** |
| ) | **RECOMMENDATION** |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court upon the parties' cross Motions for Judgment on the Pleadings. (DE's-23 & 25). The time for filing any responses or replies has expired, and the matter is now ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), this matter has been referred to the undersigned for the entry of a Memorandum and Recommendation. For the following reasons, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-23) be GRANTED, and that Defendant's Motion for Judgment on the Pleadings (DE-25) be DENIED. Specifically, it is RECOMMENDED that Defendant's final decision be vacated and remanded pursuant to sentence six of 42 U.S.C. § 405(g) for further proceedings.

**Statement of the Case**

Plaintiff applied for supplemental security income on February 25, 2009, alleging disability beginning October 15, 2001. (Tr. 12). Plaintiff later amended his alleged onset date to February 25, 2009. *Id.* His claim was denied initially and upon reconsideration. *Id.* A hearing was held before an Administrative Law Judge ("ALJ") who determined that Plaintiff was not

disabled in a decision dated October 8, 2010. *Id*. at 12-22. The Social Security Administration's Office of Hearings and Appeals denied Plaintiff's request for review on December 30, 2011, rendering the ALJ's determination as Defendant's final decision. *Id.* at 1-5. Plaintiff filed the instant action on February 28, 2012. (DE-6).

**Standard of Review**

This Court is authorized to review Defendant's denial of benefits under 42 U.S.C. § 405(g), which provides in pertinent part:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...

42 U.S.C. § 405(g).

"Under the Social Security Act, [the Court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is ... such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). "In reviewing for substantial evidence, . . . [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute . . . [its] judgment for that of the Secretary." Craig, 76 F.3d at 589. Thus, this Court's review is limited to determining whether Defendant's finding that Plaintiff was not disabled is "supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

However, before a court can determine whether a decision is supported by substantial evidence, it must ascertain whether the Commissioner has considered all relevant evidence and sufficiently explained the weight given to probative evidence. *See*, Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439-440 (4th Cir. 1997). "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983). Without an analysis of all evidence and a sufficient explanation of the weight given to obviously probative exhibits, it is not possible to determine if the ALJ's decision is supported by substantial evidence. Arnold v. Secretary of Health, Ed. and Welfare, 567 F.2d 258, 259 (4th Cir. 1977). Remand is appropriate where an ALJ fails to discuss relevant evidence that weighs against his decision. Ivey v. Barnhart, 393 F. Supp. 2d 387, 390 (E.D.N.C. September 29, 2005)(*Citing*, Murphy v. Bowen, 810 F.2d 433, 438 (4th Cir. 1987)).

**Analysis**

The Social Security Administration has promulgated the following regulations which establish a sequential evaluation process that must be followed to determine whether a claimant is entitled to disability benefits:

> The five step analysis begins with the question of whether the claimant engaged in substantial gainful employment. 20 C.F.R. ' 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. ' 404.1520(c). If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. ' 404.1520(d); 20 C.F.R. Part 404, subpart P, App.I. If so the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. ' 404.1520(e); 20 C.F.R. ' 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work. 20 C.F.R. ' 404.1520(f).

Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001).

In the instant action, the ALJ employed the sequential evaluation. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 25, 2009. (Tr. 14). At step two, the ALJ found that Plaintiff had a single severe impairment: degenerative disc disease of the lumbar spine. *Id*. However, the ALJ determined that this impairment was not severe enough to meet or medically equal one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. *Id.* at 15. Next, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform a reduced range of medium work. *Id*. at 17. Specifically, the ALJ found that Plaintiff:

> has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c), which involves lifting and/or carrying 50 pounds occasionally, 25 pounds frequently. The undersigned notes that the claimant has some nonsevere situational depression and complaints of pain and headaches that would limit him to simple, routine, repetitive tasks.
>
> *Id.*

The ALJ then determined that Plaintiff was capable of performing his past relevant work. *Id*. at 20. In the alternative, the ALJ also found that there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform. *Id.* at 20-21. Both of these findings were supported by the testimony of a vocational expert. *Id*. Accordingly, the ALJ determined that Plaintiff had not been under a disability from February 25, 2009 through October 8, 2010. *Id*. at 22-22.

**The ALJ did not properly address the opinion of Dr. Izurieta**

The undersigned recommends remand because the ALJ did not properly address the medical opinion of Dr. Henry Izurieta. Dr. Izurieta examined Plaintiff on August 14, 2006. *Id.*

at 394-398. He indicated that Plaintiff experienced continuous headaches and neck pain. *Id.* at 394. It was noted that Plaintiff occasionally used a cane to ambulate. *Id.* at 395, 397. Plaintiff was unable to squat. *Id.* He had a limited range of motion in his right hip, and his gait was slow. *Id.* According to Dr. Izurieta, Plaintiff had difficulty standing or walking on his heels and toes. *Id.* at 395-396. Likewise, Plaintiff had difficulty tandem walking. *Id.* at 396. Plaintiff's range of motion was decreased in his cervical and thoracolumbar spine. *Id.* at 398. Dr. Izurieta opined that Plaintiff would have difficulty standing and moving about. *Id.* at 395. In addition, Dr. Izurieta stated that Plaintiff would "be unable to lift and carry any objects less than 10 pounds of weight." *Id.* Finally, Dr. Izurieta indicated that he believed "strongly that he should have further evaluation by psychiatry and should be closely followed by psychiatry to prevent complications." *Id.* at 396.

A March 6, 2007 MRI showed that Plaintiff had multiple disc bulges with nerve root impression and neural foraminal narrowing. *Id.* at 300.

With regard to Dr. Izurieta opinions, the ALJ made the following findings:

> As for the opinion evidence, Dr. Izurieta noted on August 14, 2006, that the claimant would be unable to lift and carry any objects less than ten pounds of weight (Exhibit B-14F). However, the undersigned notes that Dr. Izurieta's conclusion was based on the claimant's statements and is not consistent with the remainder of the medical evidence nor is it consistent with the physical examination performed by Dr. Izurieta. On physical examination the claimant walked well and had no problems bending. He had only slight limitation to the range of motion of the right hip. The claimant had normal range of motion of the extremities, his grip strength was normal and he had no motor, sensory or reflex abnormalities. The claimant reported that he took care of his mother who was seriously ill. Additionally, the undersigned noted that the claimant reported injuring his back and right hip while playing football in 1974, but testified at the hearing that he was able to work until the end of the year 2000. None of the claimant's other treating or examining physicians have indicated that the claimant's impairments are of a severity to preclude the performance of all work activity.

*Id.* at 19-20.

In short, the ALJ did not address each portion of Dr. Izurieta's opinion that weighed against his decision. Nor did not specify the weight given to Dr. Izurieta's opinions. Although he did not find Dr. Izurieta's opinions controlling, it is not clear from the ALJ's decision what specific weight he gave them. *See*, Abbott v. Astrue, 2012 WL 761587, * 6 (D.S.C. March 8, 2012)("Without knowing specifically the weight accorded to [medical] opinions . . . this court is unable to properly apply the substantial evidence test to the ALJ's decision to discredit, or possibly disregard entirely, [them] . . .")

When the ALJ does not give the opinion of a treating physician controlling weight, he must weigh the opinion pursuant to the following non-exclusive list: 1) the length of the treatment relationship and the frequency of examination; 2) the nature and extent of the treatment relationship between the physician and the claimant; 3) the supportability of the physician's opinion; 4) the consistency of the opinion with the record; and 5) whether the physician is a specialist. 20 C.F.R. § 404.1527(d)(2)-(6). *See also*, Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005). Moreover, the ALJ's decision "must contain specific reasons for the weight given to the treating source's medical opinion, supported by substantial evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." S.S.R. 96–2p, 1996 WL 374188, at *5. *See*, Farrior v. Astrue, 2011 WL 3157173, * 4 (E.D.N.C. June 1, 2011). "Unless the [Commissioner] explicitly indicates the weight given to all the relevant evidence, [a district court] cannot determine on review whether the findings are supported by substantial evidence." Myers v. Califano, 611 F.2d 980, 983 (4th Cir. 1980). *See also*, Harmon v. Apfel, 103 F.Supp.2d 869, 873 (D.S.C. July 5, 2000). Here, the ALJ's discussion of Dr.

Izurieta's treatment notes does not satisfy these requirements.  *See*, Carpenter v. Astrue, 2012 WL 2525602, *4 (E.D.N.C. May 30, 2012), *Report and Recommendation Adopted by*, 2012 WL 2525245 (June 29, 2012);  Davis v. Astrue, 2012 WL 5879436 (D.S.C. November 6, 2012).

In addition, the undersigned also notes that the ALJ does not discuss Izurieta's opinion in light of the factors listed at 20 C.F.R. § 404.1527(d)(2)-(6).  The ALJ is not required to explicitly discuss each of these factors in his decision.  Warren v. Astrue, 2009 WL 1392898, at *3 (E.D.N.C. May 18, 2009).  Here, however, it not clear whether the ALJ applied these factors to Dr. Izurieta's opinion.  Accordingly, this matter should be remanded to permit Defendant to make more specific finings with regard to Dr. Izurieta's opinion.

**<u>Conclusion</u>**

For the reasons discussed above, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-23) be GRANTED, and that Defendant's Motion for Judgment on the Pleadings (DE-25) be DENIED.  Specifically, it is RECOMMENDED that Defendant's final decision be vacated and remanded pursuant to sentence six of 42 U.S.C. § 405(g) for further proceedings consistent with the foregoing directives.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Wednesday, December 12, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE